UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00341-MR

PETER HUFF,                        )
                                   )
            Plaintiff,             )
vs.                                )        ORDER
                                   )
                                   )
FNU HICKS, et al.,                 )
                                   )
            Defendants.            )
                                   )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 3, 8].

I.    BACKGROUND

Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution ("MVCI") in Spruce Pine, North Carolina. On November 17, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hicks, FNU Bullis, FNU Biggerstaff, and FNU Swank, all identified as officials at MCVI, in their individual and official capacities.[1] [Doc. 1]. Plaintiff alleges as follows.

> Ms. Hicks violated my Constitutional Rights and placed my life in jepordy by making an announcement to E-Pod inmates that they would not be permitted rec yard on 8.4.23 because of my actions AND the fact that I filed a grievance against her….
>
> Ms Hicks made the following statements to Petitioner I read your record and you are a sex offender, so I don't care if you wrot in this cell!! You have no Constitutional Rights, you gave those up when you entered this prison.

---

[1] With his Complaint, Plaintiff filed 67 pages of exhibits, consisting of grievances, grievance responses, Plaintiff's Offender Information Sheet, "memoranda," newspaper clippings, and other miscellaneous papers [Docs. 1-1 to 1-2], and separately mailed 27 pages of medical records to the Court [Doc. 4].

[Id. at 5 (errors uncorrected)].

Plaintiff claims that Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the "state and federal constitution." [Id. at 3]. Plaintiff fails to allege having suffered any injury from the alleged events or what relief he seeks. [See id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). While Plaintiff purports to state claims under the First, Fifth, Eighth, and Fourteenth Amendments, the Court will only address claims fairly raised by Plaintiff's Complaint.

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has plainly failed to state a claim under the Eighth Amendment based on the failure to protect. Here, Plaintiff alleges only that Defendant Hicks put Plaintiff's life in jeopardy by announcing that other E-Pod inmates would be denied "rec yard" time because Plaintiff filed a grievance against Defendant Hicks. Plaintiff does not allege that he suffered any injury from Defendant Hicks' conduct. Moreover, while Defendant Hicks' alleged statements regarding Plaintiff's constitutional rights were inappropriate, they do not give rise to liability under § 1983. Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and

3

the Court will dismiss it without prejudice.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief. If Plaintiff decides to file an amended complaint, Plaintiff is admonished that any amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In this regard, Plaintiff shall file **one** legible, operative complaint which identifies all his claims and gives the named defendants fair notice of his claims and the factual basis on which they rest. Plaintiff must **not** file a compilation of exhibits the Court must sift through to identify facts supporting Plaintiff's purported claims.[2] Moreover, any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

---

[2] Plaintiff is also admonished against sending medical records with any Amended Complaint. Such records are likely wholly unnecessary to state a claim for relief and contain Plaintiff's protected health information.

4

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.[3]

**IT IS SO ORDERED**.

Signed: December 14, 2023

Kenneth D. Bell
United States District Judge

---

[3] The Court notes that Plaintiff has misdirected all his filings in this matter to incorrect addresses. [See Docs. 1-4, 4-2, 6-2]. Plaintiff should direct all future filings to the correct address for the Asheville Division's Clerk's Office, which is "United States Courthouse, 100 Otis Street, Room 309, Asheville, North Carolina 28801."