# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:23-cv-00341-KDB

PETER HUFF,                          )
                                     )
               Plaintiff,     )
vs.                                  )          **ORDER**
                                     )
                                     )
FNU HICKS, et al.,                   )
                                     )
               Defendants.    )
_____)

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Docs. 10, 11], filed under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 3, 8].

## I.      BACKGROUND

Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution ("MVCI") in Spruce Pine, North Carolina. On November 17, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hicks, FNU Bullis, FNU Biggerstaff, and FNU Swank, all identified as officials at MCVI, in their individual and official capacities. [Doc. 1]. Plaintiff's Complaint failed initial review and the Court allowed Plaintiff the opportunity to amend his Complaint in accordance with the Court's Order. [Doc. 9]. Plaintiff timely filed two Amended Complaints a day apart [Docs. 10, 11], which the Court will collectively construe as his Amended Complaint.[1]

---

[1] In his Amended Complaint, Plaintiff also "incorporate[s] his entire Administrative Remedy Procedure as evidence that claims raised therein were dealing with Retaliation, Harassment counts as well as PREA ACT violation by [Defendant] Hicks[.] [Doc. 11 at 10]. The Court, therefore, will also consider the grievance records Plaintiff submitted with his original Complaint as part of Plaintiff's Amended Complaint here. [See Doc. 1-1 at 1-16; Doc. 1-2 at 15-16].

In his Amended Complaint, Plaintiff names the same Defendants, again in their individual and official capacities. [Doc. 11 at 2-3]. Plaintiff alleges as follows. He is an 81-year-old "nearly blind" indigent prisoner who is in very poor health, confined to a wheelchair, and cannot pay for legal envelopes, pens, copy paper, or stamps from the commissary. [Id. at 5-6, 10; Doc. 10 at 2]. The MVCI Offender Handbook provides that offenders will be provided paper and pencils with which they may write N.C. Prisoner Legal Services and that postage for legal mail will be paid out of the operating fund. [Id. at 11-12]. On August 10, 2023, Defendant Biggerstaff notified Plaintiff that his supervisor told him that they are not obligated to provide Plaintiff with copies, carbon papers, pens, envelopes, or stamps "to assist [Plaintiff] in preparation of legal Briefs." [Id. at 5]. Plaintiff sent his original Complaint to the Court and cannot provide copies as required by the "Rules of the Court." [Id.]. At some point, Plaintiff requested from Defendant Swank "copies of the Policy showing [Plaintiff] his denial of assistance which has gone without a response." [Id. at 6]. All Defendants "are Blocking [Plaintiff's] access to the Court by not providing [him] with materials to put together [his] legal claims ... [or] the required number of copies directed by the court." [Id. at 12; see id. at 14].

Plaintiff has been "cursed and thretened [sic]" by Defendant Hicks. [Id. at 16]. In response to a grievance submitted by Plaintiff and his request to speak to the Warden, Defendant Hicks announced to E-Pod residents that "they wouldn't get there [sic] outside recreation due to [Plaintiff's] complaints." [Doc. 10 at 3]. Defendant Hicks also announced to E-Pod that Plaintiff was a "sexual offender" and that she "wouldn't care if [he rots] in his cell." [Id.; see Doc. 1-1 at 3]. Defendant Hicks also declared that Plaintiff chose not to participate in outside recreation when Plaintiff was medically prohibited from being in direct sunlight to prevent "more damage to

melenoma [*sic*] in [his] right eye."[2]  [Doc. 11 at 15].  Defendant Hicks "placed [Plaintiff's] health and safety in harms way by announcing [he] was a sex offender and her feelings toward Sex Offenders."  [Doc. 10 at 4 (errors uncorrected); Doc. 1-1 at 3].  Defendant Hicks came to Plaintiff's cell three days later to apologize, stating that she was mistaken that Plaintiff was a sex offender and that she had confused Plaintiff with a different inmate. [Id. at 3].

Defendant Bullis denied Plaintiff grievance containing claims of "Retaliation, Harassment, and Threats from Nashvill [*sic*] CI because he was not from Nash C.I." and "glossed over 0306 Grievance in (b)."  [Doc. 11 at 7, 11].  Defendant Bullis admits he was "unable to address the harassment and retaliation claims" that Plaintiff made against Defendant Hicks.[3]  [Id. at 10].

Plaintiff purports to state claims under the First, Fifth, Eighth, and Fourteenth Amendments based on this conduct.[4]  [Doc. 11 at 3].  For injuries, Plaintiff alleges that he has been threatened, harassed, placed in segregation, retaliated against, and placed in a non-handicapped cell for two weeks after proving he had medical clearance for "a handicapped cell only," and "no access to bathroom privileges."[5]  [Id. at 5].  Plaintiff fails to state what relief he seeks.  [See id.].

---

[2] Although unclear, the grievance and request referenced in this paragraph seem to regard Plaintiff's "restrictions to his cell when other inmate[s] participate in outside recreation."  [See Doc. 10 at 2].  From what the Court can gather, Plaintiff seems to want some other form of recreation made available to him while other inmates are engaged in outside recreation time.

[3] Plaintiff references Administrative Remedy Procedures Section .0300 Subsection .0306 relative to Defendant Bullis' alleged handling of Defendant Hick's alleged conduct.  [Doc. 11 at 11].  Subsection (a) of that provision states that, "No inmate grievance alleging sexual abuse or harassment shall be rejected." [Doc. 1-2 at 15].  Subsection (b) provides that, "With the exception of inmate sexual abuse or harassment grievances, any grievance submitted shall be rejected at any level if it…."  [Doc. 1-2 at 15].  Contrary to Plaintiff's interpretation, it appears that these provisions relate to sexual abuse and sexual harassment, not harassment of a non-sexual nature as at issue here.

[4] The Court, however, will address only those claims fairly raised by Plaintiff's Amended Complaint.

[5] It is unclear if all these alleged injuries actually relate to Plaintiff's causes of action.

3

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A.    Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official

but rather is a suit against the official's office."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

### B.    First Amendment

#### 1.    Denial of Access to the Courts

The Supreme Court stated in  Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id.  A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable

inference, the Plaintiff has nonetheless failed to state a claim based on denial of access to the Court. Plaintiff has failed to allege that he suffered any actual injury from any alleged conduct by Defendant. That is, Plaintiff has not been prevented from bringing challenges to his conditions or sentence and has so far timely complied with all requirements in this action. The Court, therefore, will dismiss this claim. The Court will, however, direct the Clerk to send a copy of this Order by certified mail to the Warden at Plaintiff's correctional institution to ensure that prison officials there are complying with requirements for indigent litigants.

### 2. Retaliation

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's claim for retaliation against Defendant Hicks survives initial review as not clearly frivolous. To the extent Plaintiff purports to state a retaliation claim against any other Defendant, however, he has failed and such claims will be dismissed.

**C.      Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" <u>Thorpe v. Clarke</u>, 37 F.4th 926, 940 (4th Cir. 2022) (quoting <u>Strickler v. Waters</u>, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." <u>Id.</u> (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." <u>Dixon v. Godinez</u>, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. <u>Williams</u>, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged

conditions." Strickler, 989 F.2d at 1381. Nonetheless, the law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases).

"[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eight Amendment." Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (citations omitted). "In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, courts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." Id. (citations omitted). These circumstances include the overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities. Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992). "Thus, confinement or punishment conditions imposed under one set of circumstances may constitute an Eighth Amendment violation; yet the same conditions, imposed under different circumstances, would not." Id.

The Eighth Amendment's Cruel and Unusual Punishments Clause also imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330

8

F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

To the extent Plaintiff intends to assert a general conditions of confinement claim or one based in particular on the lack of recreation time, he has failed. Taking his allegations as true and giving him the benefit of every reasonable inference, Plaintiff's allegations are insufficient to satisfy either the objective or subjective components of these claims.

Next, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim based on Defendant Hicks' alleged verbal harassment or threats. This conduct, without more, is not actionable under § 1983. See Wilson, 332 F.R.D. at 520.

Finally, as with Plaintiff's original Complaint, Plaintiff has plainly failed to state a claim under the Eighth Amendment based on the failure to protect Plaintiff from harm. Plaintiff presents no new allegations in this regard and the result is the same. The Court will dismiss this claim.

### D. Redress of Grievances

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). As such, to the extent Plaintiff attempts to state a claim for relief based on Defendant Bullis' alleged failure to redress Plaintiff's grievance regarding Defendant Hicks' alleged conduct or any other failure to redress grievances, Plaintiff has failed. The Court, therefore, will dismiss this claim.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. §§ 1915A and 1915(e) as to

Plaintiff's First Amendment retaliation claim against Defendant Hicks in accordance with the terms of this Order. Plaintiff's remaining claims, including any official capacity claims, fail initial review and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's First Amendment retaliation claim against Defendant Hicks, which is allowed to pass initial review in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants Bullis, Biggerstaff, and Swank are hereby **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Hicks, who is alleged to be a current or former employee of the North Carolina Department of Adult Corrections.

The Clerk is respectfully instructed to mail by certified mail a copy of this Order to the Warden at Plaintiff's correctional institution who is directed to pages 2, 5, and 6 herein.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: January 27, 2024

Kenneth D. Bell
United States District Judge

10