**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:23-cv-00341-KDB**

| | |
|---|---|
| **PETER D. HUFF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **ORDER** |
| | ) |
| | ) |
| **FNU HICKS,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

      **THIS MATTER** is before the Court on Plaintiff's "Motion for Plaintiffs First Request for Admission and Motion to Have the Defendant to Stop Trying to Intimidate My Wittnesses with Threats and Cohersion and Harassment." [Doc. 16 (errors uncorrected)].

      Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution ("MVCI") in Spruce Pine, North Carolina. On November 17, 2023, he filed this action pursuant to 42 U.S.C. § 1983 against several officials at MVCI.  [Doc. 1].  Plaintiff's Amended Complaint passed initial review only as to Plaintiff's First Amendment retaliation claim against Defendant FNU Hicks.  [Docs. 10-12].  The remaining Defendants and claims were dismissed.  [Doc. 12 at 10].  Defendant Hicks' waiver of service is due March 29, 2024.  [1/29/2024 Docket Entry].

      Plaintiff now moves the Court to stop Defendant Hicks from threatening and harassing his witnesses in this case.[1]  [Doc. 16].  Plaintiff contends that, on January 29, 2024, after Defendant

_____

[1] Plaintiff also purports to move "for Plaintiffs First Request for Admission" in the caption of his motion. [Doc. 16 at 1].  Plaintiff, however, does not address this request in the body of the motion.  Moreover, Plaintiff is admonished that such a motion is improper in any event.  The parties may conduct discovery once the Court enters its Pretrial Order and Case Management Plan in this matter, which does not occur

Hicks had received a copy of the Complaint, she intimidated and threatened Plaintiff's witnesses. [Id. at 2]. With his motion, Plaintiff includes the statements of two other inmates who also claim to have had negative encounters with Defendant Hicks. [Doc. 16-1; see Doc. 16 at 3]. Plaintiff asserts that Defendant Hicks is either "BiPolar or going through medapause" and that "she needs to be put under observation and or restrained from being in contact with Mail Prisoners." [Doc. 16 at 3 (errors uncorrected)].

Plaintiff's request will be denied. If Plaintiff believes that Defendant Hicks is interfering with his rights, he may seek redress through the prison grievance procedures and, thereafter, in the appropriate Court. This Court is without authority to have Defendant Hicks "put under observation" or to control her post at MVCI. Should Defendant Hicks' alleged conduct continue and Plaintiff's case proceed to trial, he may raise the issue again there. The Court will direct that a copy of this Order be sent to the Warden at Mountain View Correctional Institution so that officials there are advised of Plaintiff's allegations and may take appropriate action.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 16] is **DENIED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to send a copy of this Order by certified mail to the Warden at Mountain View Correctional Institution.

**IT IS SO ORDERED**.

Signed: February 9, 2024

Kenneth D. Bell
United States District Judge

until after the Defendant answers the Complaint. Plaintiff is also admonished to carefully review the Standing Order that he was provided in this case before filing any further motions in this case.