# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00341-KDB

| | |
|---|---|
| PETER HUFF, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU HICKS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Memorandum of Law in Support of Issues Cited in Complaint and Clerification [*sic*] as to Issues Raised…" [Doc. 20], which the Court construes as a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution ("MVCI") in Spruce Pine, North Carolina. On November 17, 2023, he filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hicks, FNU Bullis, FNU Biggerstaff, and FNU Swank, all identified as officials at MCVI, in their individual and official capacities. [Doc. 1]. Plaintiff's Complaint failed initial review and the Court allowed Plaintiff the opportunity to amend his Complaint in accordance with the Court's Order. [Doc. 9]. Plaintiff timely filed two Amended Complaints a day apart [Docs. 10, 11], which the Court collectively construed as his Amended Complaint.

In his Amended Complaint, Plaintiff named the same Defendants as his original Complaint and alleged as follows. He is an 81-year-old "nearly blind" indigent prisoner who is in very poor health, confined to a wheelchair, and cannot pay for legal envelopes, pens, copy paper, or stamps from the commissary. [Id. at 5-6, 10; Doc. 10 at 2]. The MVCI Offender Handbook provides that

offenders will be provided paper and pencils with which they may write N.C. Prisoner Legal Services and that postage for legal mail will be paid out of the operating fund. [Id. at 11-12]. On August 10, 2023, Defendant Biggerstaff notified Plaintiff that his supervisor told him that they are not obligated to provide Plaintiff with copies, carbon papers, pens, envelopes, or stamps "to assist [Plaintiff] in preparation of legal Briefs." [Id. at 5]. Plaintiff sent his original Complaint to the Court and cannot provide copies as required by the "Rules of the Court." [Id.]. At some point, Plaintiff requested from Defendant Swank "copies of the Policy showing [Plaintiff] his denial of assistance which has gone without a response." [Id. at 6]. All Defendants "are Blocking [Plaintiff's] access to the Court by not providing [him] with materials to put together [his] legal claims … [or] the required number of copies directed by the court." [Id. at 12; see id. at 14].

Plaintiff has been "cursed and thretened [*sic*]" by Defendant Hicks. [Id. at 16]. In response to a grievance submitted by Plaintiff and his request to speak to the Warden, Defendant Hicks announced to E-Pod residents that "they wouldn't get there [*sic*] outside recreation due to [Plaintiff's] complaints." [Doc. 10 at 3]. Defendant Hicks also announced to E-Pod that Plaintiff was a "sexual offender" and that she "wouldn't care if [he rots] in his cell." [Id.; see Doc. 1-1 at 3]. Defendant Hicks also declared that Plaintiff chose not to participate in outside recreation when Plaintiff was medically prohibited from being in direct sunlight to prevent "more damage to melenoma [*sic*] in [his] right eye." [Doc. 11 at 15]. Defendant Hicks "placed [Plaintiff's] health and safety in harms way by announcing [he] was a sex offender and her feelings toward Sex Offenders." [Doc. 10 at 4 (errors uncorrected); Doc. 1-1 at 3]. Defendant Hicks came to Plaintiff's cell three days later to apologize, stating that she was mistaken that Plaintiff was a sex offender and that she had confused Plaintiff with a different inmate. [Id. at 3].

Defendant Bullis denied Plaintiff's grievance containing claims of "Retaliation,

2

Harassment, and Threats from Nashvill [*sic*] CI because he was not from Nash C.I." and "glossed over 0306 Grievance in (b)." [Doc. 11 at 7, 11]. Defendant Bullis admits he was "unable to address the harassment and retaliation claims" that Plaintiff made against Defendant Hicks. [Id. at 10].

On January 29, 2024, Plaintiff's First Amendment retaliation claim against Defendant Hicks survived initial review. [Doc. 12]. The Court dismissed Plaintiff's remaining claims, including his official capacity claims; his First Amendment denial of access to the courts claim; his Eighth Amendment conditions of confinement, verbal harassment, and failure to protect claims; and his claim based on the alleged failure of Defendant Bullis to redress his grievances. [Id.].

Now pending is Plaintiff's motion to reconsider the Court's Order on initial review of Plaintiff's Amended Complaint pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 20]. In this motion, Plaintiff argues that "Mr Bullis admits he was 'unable to address the harassment and retaliation claims'" and that this Court "should note, due to Mr Bullis's actions [Plaintiff is] at a loss to address the very cases cited by the Court to protect [his] claims of blocking [his] access to the Court." [Id. at 1]. Plaintiff directs the Court's attention to "the fact that [he] filed an informal brief with the 4th Circuit Court of Appeals which was delayed by the mailroom officer on 4 occasions causing [Plaintiff's] filing date to be late this claim was never addressed by the court, and [his] case was dismissed for late filings by the Court on July 28, 2023[.]" [Id. at 2 (errors uncorrected)]. Plaintiff also appears to ask the Court to investigate certain other North Carolina Department of Corrections (NCDOC) employees who are either witnesses to these alleged delays or otherwise involved in them. [Id.]. Plaintiff also states that his Eighth Amendment claims "are addressed in [his] Administrative Action and will be proven after

3

discovery[.]" [Id. at 11].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Plaintiff now asserts that his appeal was "dismissed for late filings" as a result of mailroom delays at MVCI. Plaintiff failed to present these allegations in his Complaint or Amended Complaint, and they cannot now alter the Court's Order dismissing his claim based on denial of access to the Courts. Plaintiff also seems to want the Court to reconsider its dismissal of Plaintiff's claim based on Defendant Bullis allegedly not redressing Plaintiff's grievance regarding Defendant Hicks' conduct. The Court correctly concluded that there is no constitutional entitlement to grievance procedure. There is no clear error of law subject to correction under Rule

4

59(e). For these reasons, the Court will deny Plaintiff's motion to reconsider.

As for Plaintiff's inquiry regarding investigating certain NCDOC employees, the Court does not investigate parties, witnesses, or claims. The Court adjudicates the cases properly before it. Finally, Plaintiff asserts that his Eighth Amendment claims "will be proven after discovery." Plaintiff is admonished that his Eighth Amendment claims were dismissed on initial review of his original and Amended Complaints. They are no longer a part of this proceeding.

Plaintiff is again strongly admonished to carefully review the Standing Order in this case [see Doc. 17 n.1], as well as the Local Rules of this Court and the Federal Rules of Civil Procedure before he files any further documents in this matter.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to reconsider [Doc. 20] is **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Kenneth D. Bell
United States District Judge