UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00341-KDB

| | |
|---|---|
| PETER D. HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU HICKS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Issuanc of Arrest Warrant upon Hicks Defendant for Tampering with wittnesses on ongoing civil action." [Doc. 27 (errors uncorrected)].

Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On November 17, 2023, he filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Amended Complaint survived initial review in accordance with the Court's Order. [Docs. 10-12]. Recently, the Court extended Defendant's deadline to Answer Plaintiff's Complaint to July 29, 2024, [5/21/2024 Text Order], and struck Plaintiff's improperly filed discovery request directed to Defendant Hicks, [Docs. 25, 26].

Now pending is Plaintiff's motion in which he asks the Court to issue an arrest warrant for Defendant Hicks for allegedly violating his constitutional rights by tampering with witnesses in this matter. [Doc. 27]. As grounds, Plaintiff argues that, on May 11, 2024, Defendant Hicks pepper sprayed another offender and has since been on administrative leave; that Plaintiff has provided the Court "with statements from inmates who have been harassed, thretened [*sic*], and

retaliated against by [Defendant] Hicks;" and that under North Carolina law, a justice of the peace or magistrate judge may issue an arrest warrant. [Id.]. Plaintiff also makes various allegations regarding Defendant Hicks prohibiting other inmates from assisting Plaintiff, who is confined to a wheelchair, with transport around the prison and refusing to allow Plaintiff to refill his medications. [Id. at 8].

The Court will deny Plaintiff's motion for several reasons. For one, this Court does not issue arrest warrants in civil actions pending before it. Moreover, the violation of a constitutional right without more is not a crime. If Plaintiff believes that Defendant Hicks has committed a crime, he may seek recourse with local law enforcement officials, not in this action. Moreover, at summary judgment or at a trial in this matter, Plaintiff may argue that an adverse inference is warranted based on Defendant Hick's alleged conduct.[1] Plaintiff is also admonished that it is entirely inappropriate to file piecemeal "witness statements" in this case. Plaintiff may submit such statements in support of and/or in opposition to summary judgment motions in this matter, which should only be filed <u>after</u> discovery is conducted in this matter. Finally, to the extent Plaintiff wishes to amend or to supplement his Complaint in this matter, he must properly so move and submit a proposed amended complaint or proposed supplemental complaint therewith.

**Plaintiff is again cautioned to review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing documents with this Court.**

---

[1] Spoliation of evidence refers to "the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citing West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). The imposition of a sanction (*e.g.,* an adverse inference) for spoliation of evidence is an inherent power of federal courts—though one "limited to that [action] necessary to redress conduct 'which abuses the judicial process' "—and the decision to impose such a sanction is governed by federal law. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir.2001) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Moreover, spoliation is not a substantive claim or defense but a "rule of evidence," and thus is "administered at the discretion of the trial court." Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 155 (4th Cir.1995).

2

**Any future improper filings may be summarily dismissed and/or stricken from the record.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 27] is **DENIED**.

**IT IS SO ORDERED**.

Signed: June 4, 2024

Kenneth D. Bell
United States District Judge