UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00341-KDB

| | |
|---|---|
| PETER D. HUFF,<br><br>    Plaintiff,<br><br>vs.<br><br>FNU HICKS,<br><br>    Defendant. | **ORDER** |

**THIS MATTER** is before the Court on a Status Report filed by Special Deputy Attorney General Sonya Calloway-Durham and renewed motion to withdraw as counsel for Defendant Hicks. [Doc. 32].

**I. BACKGROUND**

Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On November 17, 2023, he filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. On January 29, 2024, Plaintiff's Amended Complaint survived initial review in accordance with the Court's Order. [Docs. 10-12]. The same day, the Clerk of this Court sent a Request to Waive Service of Summons to the North Carolina Department of Adult Correction (NCDAC), requesting that Defendant Hicks waive service. [Doc. 13]. On March 28, 2024, Attorney Calloway-Durham filed a Waiver of Service, which had been signed by Defendant Alisha Hicks on January 29, 2024. [Doc. 22]. With the Waiver, Defendant Hick's answer was due by May 28, 2024. [See 3/28/2024 Docket Entry]. On May 21, 2024, Calloway-Durham filed a Notice of Limited Appearance[1] on behalf of

---

[1] Calloway-Durham noted that her appearance was limited "until such time as a decision can be made regarding [Defendant Hicks'] representation under the Defense of State Employees Act, ['DSEA'],

Defendant Hicks and moved for an extension of time to answer the Complaint for reasons personal to Calloway-Durham and not Defendant Hicks. [Docs. 23-24]. The Court granted the extension, and Defendant Hicks' Answer is now due by July 29, 2024. [5/21/2024 Text Order].

On July 2, 2024, Calloway-Durham moved to withdraw as counsel for Defendant Hicks. [Doc. 30]. Because of some discrepancies between counsel's motion and the record in this matter, as well as some ambiguity regarding Defendant Hicks' employment status and last known address, the Court ordered counsel to file a status report to address the discrepancies and to advise the Court whether Defendant Hicks has left employment with the NCDAC. [Doc. 31].

Now pending is the Status Report filed by Calloway-Durham, which includes a renewed motion to withdraw as counsel. [Doc. 32]. In the Status Report, Calloway-Durham explains that the discrepancies between the original motion to withdraw and the record in this matter resulted from counsel using a previous motion in a different case as a template for the motion to withdraw and failing to fully adapt the contents of the previous motion to the instant case. [See id. at ¶¶ 17-19]. Calloway-Durham now unequivocally provides that Defendant Hicks is no longer employed by the NCDAC; that Calloway-Durham and/or her paralegal have unsuccessfully attempted to contact Defendant Hicks electronically and through multiple letters to a non-work address provided by the NCDAC, one of which was sent by certified mail; and that the certified letter was returned to counsel as undelivered.[2] [Id. at ¶¶ 13, 15-16; see Doc. 32-1]. Calloway-Durham further

---

N.C.G.S. § 143-300.3, *et seq.*" [Doc. 23 at 1]. Under the NCDSA, an employee or former employee can request representation "for the defense of any civil or criminal action or proceeding brought against him in his official or individual capacity, or both, on account of an act done or omission made in the scope and course of his employment as a State employee. N.C. Gen. Stat. § 143-300.3. If the act or omission is not within the scope and course of the employee's employment, then North Carolina must refuse to defend the employee. Id. § 143-300.4(a)(1).

[2] In this certified letter, dated June 10, 2024, Calloway-Durham's paralegal advised Defendant Hicks that, "[i]t is imperative that you contact us as soon as possible so that we can discuss this lawsuit with you. If we

provides that she has no other address at which to reach Defendant Hicks, and nothing has changed since filing the original motion to withdraw. [Id. at ¶ 23]. Calloway-Durham asks the Court to reconsider her motion to withdraw as counsel, noting that her representation was limited pending investigation of whether to extend representation to Defendant Hicks and that meaningful representation would be "halted" by the inability to contact Defendant Hicks. [Id. at ¶ 24].

## II.  ANALYSIS

The decision to grant or deny a motion to withdraw lies within the trial court's discretion. See Patterson v. Gemini Org., Ltd., 238 F.3d 414 (4th Cir. 2000) (unpublished table decision) (citing Whiting v. Lacara, 187 F.3d 317, 320 (2d. Cir. 1999)). Generally, courts consider the following factors: (1) the reason withdrawal is sought, (2) the prejudice the withdrawal may cause to other litigants, (3) the harm withdrawal may cause to the administration of justice, and (4) the degree to which withdrawal may delay resolution of the case. In re Blackwell, No. 07-10406, 2009 WL 5064809, at *1 (Bankr. M.D.N.C. Dec. 23, 2009) (citing United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252 (D.N.J. 1997)). "[L]ack of communication between an attorney and client is a legitimate reason to withdraw from representation[.]" Patterson v. Henderson, 1:19cv204, 2023 WL 184119, at *3 (Jan. 13, 2023 M.D.N.C) (citing United States v. Muslim, 944 F.3d 154, 166 (4th Cir. 2019)).

Here, the balance of factors weighs in favor of allowing Calloway-Durham to withdraw. She cannot represent a client with whom she cannot communicate. Given the early stage of this action, allowing Calloway-Durham to withdraw now will not delay resolution of this case, impair the administration of justice, or prejudice the Plaintiff any more or any less than Defendant Hicks' disappearance in the first place. Moreover, without the ability to communicate with Defendant

---

do not hear from you within 14 days from the date of this letter, we will take it as you no longer wish to be represented and will file a motion to withdraw as your counsel." [Doc. 32-1].

Hicks, the Attorney General or his representative cannot determine whether the State of North Carolina should represent Defendant Hicks under the DSEA.

Should Defendant Hicks surface at some point in this litigation before final judgment is entered, the Attorney General and/or the Court may revisit the issue of Hicks' representation under the DSEA as appropriate.

### III. CONCLUSION

For these reasons, the Court will grant Attorney Calloway-Durham's motion to withdraw as counsel in this matter.

### ORDER

**IT IS, THEREFORE, ORDERED** that counsel's renewed motion to withdraw as counsel [Doc. 32] is **GRANTED**, and counsel is hereby relieved of further representation of Defendant Hicks subject to the terms of this Order.

**IT IS SO ORDERED**.

Signed: July 16, 2024

Kenneth D. Bell
United States District Judge