# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:23-cv-00341-KDB

PETER D. HUFF,                              )
                                            )
        **Plaintiff,**                            )
                                            )
**vs.**                                     )     <u>**ORDER**</u>
                                            )
                                            )
ALISHA HICKS,                               )
                                            )
        **Defendant.**                           )
_____    )

**THIS MATTER** is before the Court on Plaintiff's "Motion to Prosecute The instant Motion And or Summary Judgment in favor of Plaintiff in accordance to Rule 12" [Doc. 35], which the Court will construe as a motion for entry of default and default judgment.

Plaintiff Peter D. Huff ("Plaintiff") filed this lawsuit on November 17, 2023. [Doc. 1]. On January 29, 2024, Plaintiff's Amended Complaint survived initial review in accordance with the Court's Order. [Doc. 10-12]. In pertinent part, Plaintiff claims that Defendant Alisha Hicks retaliated against him for filing a grievance. [See Docs. 10, 11]. Defendant Hicks waived service on March 28, 2024. [Doc. 22]. The Court granted Defendant Hicks' motion for an extension of time to answer Plaintiff's Complaint, extending her deadline to July 29, 2024. [5/21/2024 Text Only Order]. On July 16, 2024, the Court granted defense counsel's motion to withdraw as counsel in this case because counsel, despite numerous attempts, was unable to make contact with Defendant Hicks. [Doc. 33]. Defendant Hicks, who remains unrepresented, has not answered or otherwise responded to Plaintiff's Amended Complaint. The Court, therefore, ordered Plaintiff to take further action to prosecute this action against Defendant Hicks. [Doc. 34]. Now pending is Plaintiff's motion for entry of default and default judgment. [Doc. 35].

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The clerk of court's interlocutory entry of default pursuant to Rule 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court. Carbon Fuel Co. v. USX Corp., 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for default judgment under Rule 55(b). Id.

As grounds for entry of default, Plaintiff states that Defendant Hicks has failed "to respond to summons" and failed "to serve an Answer under Rule 12 within the proscribed time period." [Doc. 35 at 1]. Plaintiff also asks the Court to "issue … summary Judgment against Defendant Hicks for Default."[1] [Id. at 2].

The Court will grant Plaintiff's motion for entry of default and direct the Clerk to enter default in this matter under Rule 55(a) of the Federal Rules of Civil Procedure against Defendant Hicks. The Court, however, will deny Plaintiff's motion for default judgment as premature. Once the Clerk enters the default of Defendant Hicks, Plaintiff may then move for default judgment in accordance with Rule 55(b)(2).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's ""Motion to Prosecute The instant Motion And or Summary Judgment in favor of Plaintiff in accordance to Rule 12" [Doc. 35] is **GRANTED IN PART** in that the Court grants Plaintiff's motion for entry of default and **DENIED**

---

[1] Plaintiff also asks that he be allowed to conduct discovery so that he can procure certain medical records. [Doc. 35 at 2]. Should Defendant Hicks move to set aside the entry of default and the Court allow this matter to proceed on the merits, the Court will enter a Pretrial Order and Case Management Plan allowing and regarding the conduct of discovery. The Court notes, however, that it does not appear that Plaintiff's medical records are relevant to Plaintiff's sole surviving claim.

2

**IN PART** as to all other relief sought therein.

The Clerk is **DIRECTED** to enter default in this matter against Defendant Hicks.

The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Hicks at her last known address in this matter as listed in Docket No. 32-2.

**IT IS SO ORDERED**.

Signed: August 27, 2024

Kenneth D. Bell
United States District Judge

3